UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN LLOYD BRACEY,<br><br>                             Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                             Defendant. | Case No.:  23-CV-138-WVG<br><br>**ORDER ON MOTION/NOTICE OF WITHDRAWAL OF PLEADINGS** |

Before the Court is Kristen Lloyd Bracey's Motion/ Notice of Withdrawal of Pleadings ("Motion"). (Doc. No. 6.) In relevant part, Plaintiff moves the Court for leave to withdraw her January 25, 2023, Complaint pursuant to 18 C.F.R. section 385.216 ("Rule 216"). (*Id*.; *see generally* Doc. No. 1.) The Motion indicates Plaintiff is aware of the consequences of withdrawal. (Doc. No. 6, 1:19-20.) On February 28, 2023, the Court ordered the Commissioner of Social Security ("Defendant") to respond to the Motion. (Doc. No. 7.) Defendant timely filed its response on March 9, 2023, and indicated it does not oppose Plaintiff's Motion to any extent. (Doc. No. 8.) As explained below, the Court GRANTS Plaintiff's Motion.

/ / /

Having considered the Parties' inapposite positions and the legal authority applicable to Rule 216 motions, the Court finds good cause underlies Plaintiff's request for relief. Under Rule 216, the withdrawal of an operative complaint is not a matter of right. *Port of Seattle, Wash. V. FERC*, 299 F.3d 1016, 1029-1030 (9th Cir. 2007) ("hold[ing] the withdrawal of the complaint did not become effective as a matter of law") (citing 18 C.F.R. § 385.216(b)(1)). Specifically, district courts may deny Rule 216 motions where a party opponent or a non-party disfavors withdrawal or, separately, under circumstances that warrant resolution of the complaint on the merits. *Id*. at 1030 (observing Rule 216's broad scope as it does not limit oppositions to such motions only to "formal parties to the proceeding"); *see also E. Hydroelectric Corp. v. FERC*, 887 F.3d 1197, 1201 (11th Cir. 2018) (affirming Federal Energy Regulatory Commission's denial of petitioner's withdrawal of licensing application and request for rehearing in construing same as pleadings and finding the record supported the Commission's decision).

Here, it is clear the Parties are aligned Plaintiff's withdrawal of the Complaint is appropriate. Separately, the Court has not been made aware by the Parties or any non-party that there are any circumstances present that suggest this litigation should continue for purposes of resolving on the merits. For these reasons, the Court finds good cause supports Plaintiff's request and thus GRANTS Plaintiff's Motion. Plaintiff shall withdraw her Complaint **no later than five (5) days from this Order's issuance**. Upon Plaintiff's withdrawal, the Court DIRECTS the Clerk of this Court to close this Action.

**IT IS SO ORDERED.**

DATED: March 9, 2023

Hon. William V. Gallo
United States Magistrate Judge